No. 1:16-799 (LPS)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE W. R. GRACE & CO., *et al.*,

*Reorganized Debtors.*

ANDERSON MEMORIAL HOSPITAL,

*Appellant*,

*v.*

W. R. GRACE & CO., *et al.*,

*Appellees.*

On Appeal from the United States Bankruptcy Court
for the District of Delaware
Chapter 11 Case No. 01-01139 (Carey, J.)

**MOTION TO DISMISS ANDERSON MEMORIAL HOSPITAL'S APPEAL**

| | |
|---|---|
| John Donley, P.C. | Laura Davis Jones (Bar No. 2436) |
| Lisa G. Esayian | James E. O'Neill (Bar No. 4042) |
| KIRKLAND & ELLIS LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| 300 North LaSalle Street | 919 North Market Street, 17th Floor |
| Chicago, IL 60654 | P.O. Box 8705 |
| (312) 862-2000 | Wilmington, DE 19899-8705 |
| | (302) 652-4100 |
| Christopher Landau, P.C. | |
| Jennifer M. Bandy | |
| KIRKLAND & ELLIS LLP | |
| 655 Fifteenth Street, N.W. | |
| Washington, DC 20005 | |
| (202) 879-5000 | |

*Counsel for Appellees*

November 9, 2016

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 8012, Reorganized Debtors-Appellees W. R. Grace & Co. *et al.* state as follows.  Reorganized Debtors-Appellees are W. R. Grace & Co. and W. R. Grace & Co.-Conn.  W. R. Grace & Co. is a publicly held Delaware corporation.  It owns 100% of the stock of W. R. Grace & Co.-Conn., a Connecticut corporation.  No publicly held company owns more than 10% of the stock of W. R. Grace & Co.  W. R. Grace & Co. is not aware of any publicly held corporation that is not a party to the proceeding before this Court and has a financial interest in the outcome of the proceeding.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 3

      A.      Pre-Plan Proceedings ................................................................................................ 3

      B.      The Plan And Post-Plan Proceedings ...................................................................... 5

ARGUMENT .................................................................................................................................... 7

I.      This Appeal Is Interlocutory, And AMH Has Not Tried To (And Cannot) Satisfy The Standard For Leave To Appeal. ................................................................................. 7

II.     This Appeal Is Barred By The Confirmed, Affirmed, and Substantially Consummated Plan Of Reorganization. ............................................................................ 11

CONCLUSION ................................................................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blanco v. United States*,
    775 F.2d 53 (2d Cir. 1985) ............................................................................................... 1

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ................................................................................................ 1, 7, 8

*CoreStates Bank, N.A. v. Huls Am., Inc.*,
    176 F.3d 187 (3d Cir. 1999) ............................................................................................ 12

*Harrison v. Nissan Motor Corp. in U.S.A.*,
    111 F.3d 343 (3d Cir. 1997) .............................................................................................. 1

*In re AE Liquidation, Inc.*,
    451 B.R. 343 (D. Del. 2011) ....................................................................................... 9, 10

*In re Layo*,
    460 F.3d 289 (2d Cir. 2006) ............................................................................................ 12

*In re Pardee*,
    193 F.3d 1083 (9th Cir. 1999) ......................................................................................... 12

*In re Szostek*,
    886 F.2d 1405 (3d Cir. 1989) .......................................................................................... 12

*In re W. R. Grace & Co.*,
    446 B.R. 96 (Bankr. D. Del. 2011),
    *aff'd*, 475 B.R. 34 (D. Del. 2012),
    *aff'd*, 729 F.3d 332 (3d Cir. 2013) ................................................................................... 6

*In re W. R. Grace & Co.*,
    475 B.R. 34 (D. Del. 2012),
    *aff'd*, 729 F.3d 332 (3d Cir. 2013) ................................................................................... 6

*In re W. R. Grace & Co.*,
    729 F.3d 332 (3d Cir. 2013) ............................................................................. 3, 6, 11, 13

*Kramer v. Scientific Control Corp.*,
    534 F.2d 1085 (3d Cir. 1976) ............................................................................................ 8

*Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*,
    833 F.2d 32 (3d Cir. 1987) ................................................................................................ 8

*Princeton Univ. v. Schmid*,
    455 U.S. 100 (1982) ........................................................................................................ 13

*Ruhrgas AG v. Marathon Oil Co.*,
 526 U.S. 574 (1999) .............................................................................................. 7

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
 549 U.S. 422 (2007) .............................................................................................. 7

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016) ........................................................................................ 12

*Steel Co. v. Citizens for a Better Env't*,
 523 U.S. 83 (1998) ......................................................................................... 12, 13

*Summers v. Earth Island Inst.*,
 555 U.S. 488 (2009) ............................................................................................ 13

*Travelers Indem. Co. v. Bailey*,
 557 U.S. 137 (2009) ............................................................................................ 13

**Statutes and Rules**

11 U.S.C. § 1327(a) ........................................................................................................ 12

11 U.S.C. § 524(g) .......................................................................................................... 11

28 U.S.C. § 1291 .............................................................................................................. 5

28 U.S.C. § 158(a) ............................................................................................................ 8

Fed. R. Civ. P. 23 ............................................................................................................. 5

Fed. R. Civ. P. 23(a)(1) .................................................................................................... 3

Fed. R. Civ. P. 23(b) ........................................................................................................ 4

**INTRODUCTION**

Appellant Anderson Memorial Hospital (AMH) is seeking to appeal (1) an order denying a motion for class certification entered more than *eight years ago*, in May 2008, and (2) a recent order denying reconsideration of that earlier order.  *See* 9/8/16 Notice of Appeal [Bankr. D. Del. No. 01-01139, D.I. 32781] (Tab A).  As a matter of black-letter law, however, an order denying a motion for class certification is not final, and thus not appealable as of right.  *See, e.g.*, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 464-65, 470 (1978).  AMH is well aware of that rule, as it unsuccessfully sought this Court's *permission* to appeal the order denying class certification in 2008, *see* 9/4/08 Memorandum [D. Del. No. 08-118, D.I. 11] (Tab B), and the Third Circuit subsequently dismissed AMH's appeal from that decision for lack of jurisdiction.  *See* 12/14/09 Order [3d Cir. No. 08-4829] (Tab C).  Needless to say, a litigant cannot transform a non-final and non-appealable order into a final and appealable order by simply seeking reconsideration; an order denying reconsideration is no more or less appealable than the underlying order for which reconsideration is sought.  *See, e.g.*, *Harrison v. Nissan Motor Corp. in U.S.A.*, 111 F.3d 343, 352 (3d Cir. 1997); *see also Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985) (Friendly, J.) ("If the 1979 order was not final and appealable, orders refusing to reconsider it likewise could not have been.").  These simple points dispose of this appeal:  just as this Court denied leave to appeal in 2008, it should dismiss this appeal for lack of jurisdiction.

Remarkably, that dispositive point is only the tip of the jurisdictional iceberg here.  Much happened in between the bankruptcy court's denial of class certification in May 2008 and its refusal to reconsider that order in August 2016.  In particular, nearly a decade after the W. R. Grace & Co. Chapter 11 proceeding was filed, the bankruptcy court confirmed the debtors' Plan of Reorganization in January 2011.  The confirmed Plan addressed the procedure for adjudicating the putative class claims at issue here as follows: "The Anderson Memorial class

claims (Nos. 09911 and 09914) shall remain *inactive* unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008)." Plan Ex. 25 [Bankr. D. Del. 01-01139, D.I. 31657-24] (Tab D), § I.B.2 (emphasis added).  Then, and only then, can AMH appeal the denial of class certification and, if successful, have its class claims "remanded to the Bankruptcy Court for proceeding[s] consistent with" the Plan's litigation procedures for claims filed before the bar date. *Id.* § I.B.3.  Although AMH (among others) brought a host of challenges to the confirmed Plan in both this Court and the Third Circuit, all of those challenges failed, and the Plan took effect in February 2014 and was substantially consummated shortly thereafter.  In essence, AMH's 2014 motion for reconsideration of the class certification order represents an impermissible collateral attack on the confirmed, affirmed, and substantially consummated Plan, which remains binding and effective and precludes the relief that AMH seeks here.  And because the Plan (which is not at issue here) presents an independent barrier to the relief AMH seeks in this appeal (class certification without first litigating its individual claim to final judgment), AMH is essentially seeking an advisory opinion, and this appeal does not present a justiciable "case" or "controversy."

It follows that this appeal is at once both too early and too late.  It is too early insofar as it challenges the denial of class certification before the entry of a final, appealable judgment.  And it is too late insofar as it challenges an order that was subsequently "baked into" a confirmed Plan of Reorganization that withstood all legal challenges and has taken effect.  Accordingly, on either or both of these grounds, this Court should dismiss this appeal for lack of jurisdiction.

## BACKGROUND

### A. Pre-Plan Proceedings

In 1992, appellant AMH, a South Carolina hospital, filed a putative nationwide class action against appellee Grace, a diversified company engaged in the manufacture of chemicals and construction materials, in South Carolina state court. *In re W. R. Grace & Co.*, 729 F.3d 332, 335 (3d Cir. 2013). The lawsuit alleged that AMH and other putative class members had suffered asbestos-related property damage from their use of Grace's asbestos-containing building materials. *Id.*

In April 2001, while the South Carolina case was pending, Grace filed for Chapter 11 protection in the U.S. Bankruptcy Court for the District of Delaware. Because the automatic stay prevented the state-court case from proceeding, the action shifted to the bankruptcy court. Accordingly, AMH filed three proofs of claim against Grace in that court—(1) a worldwide putative class claim, (2) a statewide putative class claim, and (3) an individual claim. *Id.* at 335–36. AMH subsequently moved for class certification. *Id.*

In May 2008, the bankruptcy court denied that motion. The court noted that, despite its "direct[ion] that before any class proofs of claim were filed a motion to certify a class had to be filed," AMH had not filed its class certification motion until "over two and a half years past the bar date." 5/29/08 Mem. Op. [Bankr. D. Del. No. 01-01139, D.I. 18821] (Tab E), at 4 n.5. Nevertheless, the court applied the Rule 23 requirements and found that AMH had not established that its putative class was "so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1). *See* 5/29/08 Mem. Op. (Tab E), at 5-6. The court reasoned that "the property damage claim creditor universe is known because the notice of the bar date was so extensive (over 8700 property damage claimants were served and international publication notice was made) [and] there are not enough claims left to constitute a numerous

3

base in the first place." *Id.* at 5. Of the 3,000 claims filed by AMH's counsel, only 158 remained when briefing on class certification occurred, over 80 of which were not part of the putative class, and only one of which was a South Carolina claim. *Id.* If the court followed the lead of the South Carolina court and limited certification to South Carolina buildings, "there would be only one claimant." *Id.* at 6. And even if it certified a worldwide class, 158 claims would be "certainly manageable in a bankruptcy context." *Id.*

The court went on to address the Rule 23(b) superiority requirement "to further illustrate the impropriety and inadvisability of certifying a class" in the case. *Id.* at 7. It found that a class action would not be a superior method for adjudicating the controversy because "[a] class action format is not conducive to resolution of issues such as whether a Grace product is in place in any claimant's building or whether a specific state's statute of limitations has run inasmuch as those questions cannot be resolved without reference to each claim or to smaller sets of claims." *Id.* at 9. The court also rejected AMH's assertion that Grace had failed to give individual notice of the bar date to potential claimants, *id.* at 10 n.12, and expressed concern that recognizing individual claims not filed before the bar date would "operate to negate the bar date," give certain claimants "the opportunity to file late claims despite the bar date and without having to establish excusable neglect," and "nullify the notice program which entailed substantial effort and expense," *id.* at 10.

AMH thereafter sought leave from this Court to appeal the order denying class certification. *See* 6/19/08 Application for Appeal of Order [D. Del. No. 08-118, D.I. 1] (Tab F). This Court, however, denied that application. *See* 9/4/08 Mem. (Tab B). As the Court explained, "the denial of class certification was neither imprudent nor erroneous" and the bankruptcy court's decision on numerosity "was sound." *Id.* at 5. AMH moved for

4

reconsideration, alleging that Grace had "failed to give actual notice to 'hundreds if not thousands of building owners with Grace's [asbestos-containing material]'" and, as a result, AMH could "'easily demonstrate many more members of the class whose claims have not been barred.'" 11/13/08 Mem. [D. Del. No. 08-118, D.I. 15] (Tab G), at 5.  This Court rejected that argument, noting that "the notice program instituted, with input from all the parties, ha[d] been affirmed repeatedly by th[e] Court." *Id.* at 8.

AMH then appealed this Court's order denying leave to appeal to the Third Circuit.  That court, however, dismissed the appeal for lack of jurisdiction.  *See* 12/14/09 Order (Tab C).  As the court explained, "[a] district court's determination that an action may not be maintained as a class action under Rule 23 is not a final decision within the meaning of 28 U.S.C. § 1291" and the Third Circuit could not review the district court's "discretionary decision" to deny an interlocutory appeal of that decision.  *See id.*

### B. The Plan And Post-Plan Proceedings

Grace subsequently filed a proposed Plan of Reorganization, laying out detailed procedures for the treatment of asbestos property damage claims filed both before and after the bar date.  *See* Plan Ex. 25 (Tab D).  The Plan specifically addressed AMH's claims as follows: "The Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008)."  *Id.* § I.B.2.  At that point, AMH could appeal the denial of its class certification and, if successful, have its claims "remanded to the Bankruptcy Court for proceeding[s] consistent with" the litigation procedures for claims filed before the bar date.  *Id.* § I.B.3.

AMH (among others) challenged the Plan on a host of grounds—but, as relevant here, ***not*** on any ground relating to the sequencing of its class and individual claims.  The bankruptcy court, this Court, and Third Circuit rejected all of those challenges.  *See In re W. R. Grace & Co.*,

5

446 B.R. 96, 107-08 (Bankr. D. Del. 2011); *In re W. R. Grace & Co.*, 475 B.R. 34, 139-41 (D. Del. 2012); *In re W. R. Grace (Anderson Mem. Hosp.)*, 729 F.3d at 344, 346, 350. Thirteen years after filing for Chapter 11 protection, Grace exited bankruptcy on February 3, 2014, when the Plan became effective.

Rather than pursue its individual property damage claim as required by the Plan, AMH moved for reconsideration of the bankruptcy court's May 2008 order denying class certification. *See* 3/5/14 Mot. to Alter or Amend [Bankr. D. Del. No. 01-01139, D.I. 31812] (Tab H).[1] The bankruptcy court denied the motion on two separate and independent grounds. *First*, the court concluded that the motion was barred by the Plan, under which "AMH is bound ... to adjudicate its individual claim before commencing its class claims." 8/25/16 Op. [Bankr. D. Del. No. 01-01139, D.I. 32771] (Tab I), at 7. *Second*, the court concluded in the alternative that "AMH did not offer sufficient evidence or reason for this Court to alter or amend" the 2008 order denying class certification, but primarily sought to "rehash prior arguments that were considered and denied by either [then-Bankruptcy] Judge Fitzgerald,[2] the district court, or the Third Circuit." *Id.* at 7, 9.

AMH then filed a notice of appeal as of right to this Court, *see* Notice of Appeal of Order (Tab A)—in sharp contrast to what it did in 2008, when (as noted above) it filed an application

---

[1] AMH styled its motion for reconsideration as a "Motion to Alter or Amend" the order denying class certification. Because no class was certified, however, the motion was—as the bankruptcy court recognized—"inherently a motion to reconsider the May 2008 Decision," and was thus treated as such. 8/25/16 Op. (Tab I), at 7.

[2] Judge Fitzgerald was the bankruptcy judge handling the Chapter 11 proceedings until her retirement in 2013. The case was then assigned to Judge Carey, before being transferred to Judge Gross in 2016. Judge Gross directed that matters under advisement by Judge Carey at the time of reassignment would remain with Judge Carey until disposition. The motion to alter or amend was one such matter and was therefore decided by Judge Carey. *See* 8/25/16 Op. (Tab I), at 1 n.4.

6

for *permission* to appeal the denial of the class certification order. *See* 6/19/08 Application for Appeal (Tab F). The current Notice of Appeal purports to appeal both (1) "the Order dated May 29, 2008 ... Denying With Prejudice Motion of Anderson Memorial Hospital For Class Certification," and (2) "the Order dated August 25, 2016 ... denying Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Class Certification." 9/8/16 Notice of Appeal (Tab A), at 1. In its subsequent Statement of Issues on Appeal, AMH confirmed its intent to challenge both the 2008 order and the 2016 order denying reconsideration of the earlier order. *See* 9/22/16 Appellant's Statement of Issues on Appeal [D. Del. No. 16-799, D.I. 4] (Tab J), at 1-2.

This motion follows.

## ARGUMENT

This appeal must be dismissed for two separate and independent reasons. *First*, it is an appeal from an interlocutory order, and AMH has not requested, nor would its arguments warrant, permission for leave to appeal. *Second*, this appeal is barred by the Plan, which is *res judicata* with respect to the sequencing of AMH's claims and provides an independent barrier to the relief sought. Because both of these reasons relate to this Court's subject-matter jurisdiction, this Court can dismiss the appeal on either ground, or both grounds. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'") (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

**I.     This Appeal Is Interlocutory, And AMH Has Not Tried To (And Cannot) Satisfy The Standard For Leave To Appeal.**

As an initial matter, this appeal flouts the rule that orders denying class certification are ***not*** final and appealable as of right. *See, e.g.*, *Coopers & Lybrand*, 437 U.S. at 464-65, 470.

7

That rule applies in the bankruptcy context as well as the ordinary civil context: this Court has jurisdiction to hear appeals from "*final* judgments, orders and decrees," and, "*with leave of the court*, from interlocutory orders and decrees" in bankruptcy cases and proceedings. 28 U.S.C. § 158(a) (emphasis added). Because AMH's appeal is not from a final judgment and AMH has not sought leave of court, this Court lacks jurisdiction over this appeal.

Indeed, the Third Circuit has already held that the bankruptcy court's May 2008 order denying class certification here "is *not* a final decision." 12/14/2009 Order (Tab C), at 1 (emphasis added; citing *Coopers & Lybrand*, 437 U.S. at 470). An order denying reconsideration shares the same character. *See Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1087 (3d Cir. 1976) (dismissing appeal from denial of motion for reconsideration of a class action certification for lack of jurisdiction). Indeed, if the denial of a motion for reconsideration could convert an interlocutory order into a final order, the normal rule prohibiting immediate appeal of interlocutory orders would be a nullity. *Cf. Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*, 833 F.2d 32, 35 (3d Cir. 1987) ("[I]n regard to the Rule 59 motion for reconsideration, an order denying a motion for a new trial is not appealable as such. Rather, we consider on appeal the final judgment in the case and the order denying the new trial is reviewable at that time."). None of this should come as a surprise to AMH, which previously sought this Court's *permission* for leave to appeal the bankruptcy court's May 2008 order. *See* 6/19/08 Application for Appeal of Order (Tab F).

And it is no oversight that AMH has not requested leave for an interlocutory appeal, because AMH is presumably well aware that it cannot satisfy the demanding standard for such a request—just as it could not in 2008. Courts in this district typically permit an interlocutory appeal "only when the order at issue (1) involves a controlling question of law upon which there

8

is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011). Moreover, courts have required a showing of exceptional circumstances justifying the need for immediate review. *Id.* at 348-49. AMH has never identified a controlling question of law appropriate for immediate review in this dispute, much less any exceptional circumstances that would warrant such review.

This Court already concluded that the 2008 denial of class certification did not qualify for an interlocutory appeal, *see* 9/4/08 Mem. (Tab B), and denied a motion for reconsideration of that conclusion. S*ee* 11/13/08 Mem. (Tab G). Nothing in AMH's motion seeking reconsideration compels a different result. The 2008 denial of class certification was based on a fact-specific assessment of numerosity and superiority. *See* 5/29/08 Mem. Op. (Tab E), at 5-12. The motion for reconsideration was based on three issues that AMH claimed the bankruptcy court "never had an opportunity to address," numerous supposed factual developments that purportedly created thousands of unrepresented claimants, 3/5/14 Mot. to Alter or Amend (Tab H), at 3, and the assertion that all of the original "grounds for denying certification have flipped in favor of certification" under the confirmed Plan. *See* 9/8/15 Br. in Supp. of Mot. for Class Certification [Bankr. D. Del. No. 01-01139, D.I. 32624] (Tab K), at 9. None of these arguments involves a "[c]ontrolling question of law" appropriate for immediate appeal. *AE Liquidation*, 451 B.R. at 347. Rather, as the bankruptcy court recognized, they are largely a "rehash" of arguments made and rejected during the original class certification proceedings or the Plan confirmation proceedings. 8/25/16 Op. (Tab I) at 9. The only new arguments are challenges to the bankruptcy court's application of settled law to fact. *See id.*

9

As AMH has never identified a controlling issue of law in this appeal, it also has not established that any such issue is one upon which there is substantial ground for difference of opinion. It has not, for example, identified any split of authority on any relevant legal principles. Instead, it alleges that the bankruptcy court erroneously applied the relevant legal principles in 2008, or that subsequent developments have rendered that application erroneous. *See generally* 3/5/14 Mot. to Alter or Amend (Tab H); 9/8/15 Br. in Supp. of Mot. for Class Certification (Tab K). But "mere disagreement with the [] ruling is not a substantial ground for difference of opinion" for the purpose of leave to appeal an interlocutory order. *AE Liquidation*, 451 B.R. at 348 (internal citation and quotation omitted).

Immediate review of the orders denying class certification and reconsideration also would not materially advance the ultimate termination of the litigation. The Plan has been confirmed, affirmed, and substantially consummated. 8/25/16 Op. (Tab I), at 3. The only litigation now is proceeding in accordance with the Plan's directives. Appeal of the order denying class certification or the order denying reconsideration would disrupt this process, "promote piecemeal determination of the questions raised" in the AMH action, and "would likely create unnecessary delay" in orderly administration of the Plan. *AE Liquidation*, 451 B.R. at 348.

Finally, this Court has recognized that "entertaining an interlocutory order ... is appropriate only when the party seeking leave to appeal establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *Id.* at 346 (internal quotation omitted). This Court denied leave to appeal the class certification decision (and a motion for reconsideration) years ago, and AMH has identified no exceptional circumstances that warrant yet another bite at the apple.

## II. This Appeal Is Barred By The Confirmed, Affirmed, and Substantially Consummated Plan Of Reorganization.

Separate and apart from this appeal's interlocutory nature, this Court lacks jurisdiction here for an even more fundamental reason: the appeal is barred by the confirmed, affirmed, and substantially consummated Plan of Reorganization that took effect in February 2014. The class-certification order at issue here was "baked into" the Plan, which specifies that "[t]he Anderson Memorial class claims (Nos. 09911 and 09914) shall remain *inactive* unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008)." Plan Ex. 25 (Tab D), § I.B.2 (emphasis added). Then, and only then, can AMH appeal the denial of class certification and, if successful, have its class claims "remanded to the Bankruptcy Court for proceeding[s] consistent with" the litigation procedures for claims filed before the bar date. *Id.* § I.B.3. Needless to say, this Court has no authority to revisit class claims that, as a result of the Plan, are "inactive" as a matter of law.

AMH could have challenged the sequencing issue before the Plan became effective, but did not. AMH filed numerous objections to the Plan, arguing that the Plan did not meet the requirements for approving a trust and channeling injunction under 11 U.S.C. § 524(g), failed to provide equal treatment, failed the good faith requirement, and was not feasible. *See W. R. Grace*, 729 F.3d at 339. But—although AMH challenged the requirement that its class claims proceed in the bankruptcy court if the denial of class certification were reversed, *id.*—it did not challenge the sequencing of the individual and class claims. *See id.* In any event, this Court and the Third Circuit rejected all of the challenges to the confirmed Plan, and that Plan became effective in February 2014.

Thus, this appeal is effectively a collateral attack on the confirmed Plan. But the law does not permit such an attack: to the contrary, "a confirmation order is *res judicata* as to all

11

issues decided or which could have been decided at the hearing on confirmation." *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989); *see also* 11 U.S.C. § 1327(a) ("The provisions of a confirmed Plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted or has rejected the Plan."). Accordingly, this appeal is barred as a matter of law. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 206 (3d Cir. 1999) (concluding that claims were precluded because they could have been raised in the plaintiff's objections to a Plan of Reorganization); *see also In re Layo*, 460 F.3d 289, 295-96 (2d Cir. 2006) (holding "that the Chapter 13 bankruptcy confirmation order is *res judicata* with respect to the debtor's and the Trustee's post-confirmation attempt to avoid a confirmed, recorded lien on the debtor's property where the lien was ... included by the debtor in his plan"); *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999) (concluding that a creditor's failure to object to a particular provision in a plan "preclude[s] its attack on the plan or any provision therein ... in a subsequent proceeding") (internal quotation omitted).

Indeed, in light of the Plan, there is no justiciable "case" or "controversy" here within the meaning of Article III. "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal citation and quotation omitted). In particular, AMH cannot show how it would benefit from a decision in its favor—in Article III parlance, how such a decision would redress its alleged injury. *See*, *e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998). If a court cannot afford a litigant relief that is likely to redress such an injury, the court is essentially being asked to render

an impermissible "advisory opinion" in violation of Article III. *Id.* at 101; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009).

As noted above, this Court cannot grant AMH the relief it seeks in this appeal—the ability to pursue its claims against Grace on a classwide basis—because the Plan renders those claims "inactive" unless and until AMH litigates its individual claim (something AMH has made no effort to do since the Plan went effective in 2014). Although this Court could have reversed the denial of class certification if it had granted an interlocutory appeal in 2008, the confirmed Plan now stands as a separate and independent barrier to such relief absent adjudication of AMH's individual claim. As the order confirming the Plan is not before the Court—it was litigated all the way up to the Third Circuit and affirmed years ago, *W. R. Grace*, 729 F.3d at 332—this Court cannot modify it. Thus, even if this Court were to agree with AMH's challenges to the order denying class certification, this Court could not afford AMH any effective relief. As a result of the Plan, AMH's class claims are inactive, and this Court cannot "tunnel back" to modify the Plan and reactivate them. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 154 (2009) (internal citation and quotation omitted). Although it is possible that the issues might one day be live again, that day is not today. And, as federal courts "do not sit to decide hypothetical issues or to give advisory opinions," *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982), the appeal must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this appeal.

Dated:   November 9, 2016

Respectfully submitted,

*/s/  James E. O'Neill*

| | |
|---|---|
| John Donley, P.C. | Laura Davis Jones (Bar No. 2436) |
| Lisa G. Esayian | James E. O'Neill (Bar No. 4042) |
| KIRKLAND & ELLIS LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| 300 North LaSalle Street | 919 North Market Street, 17th Floor |
| Chicago, IL   60654 | P.O. Box 8705 |
| (312) 862-2000 | Wilmington, DE   19899-8705 |
| | (302) 652-4100 |

Christopher Landau, P.C.
Jennifer M. Bandy
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC   20005
(202) 879-5000

*Counsel for Appellees*