No. 1:16-799 (LPS)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE W. R. GRACE & CO., *et al.*,                            *Reorganized Debtors.*

ANDERSON MEMORIAL HOSPITAL,                            *Appellant,*

v.

W. R. GRACE & CO., *et al.*,                            *Appellees.*

On Appeal from the United States Bankruptcy Court for the District of Delaware
Bankruptcy Case No. 01-01139 (KG)

**REPLY IN SUPPORT OF MOTION TO DISMISS
ANDERSON MEMORIAL HOSPITAL'S APPEAL**

John Donley, P.C.
Lisa G. Esayian
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Christopher Landau, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

*Counsel for Appellees*

February 16, 2017

## TABLE OF CONTENTS

                                                                                                                                                       **Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

I.     This Is An Appeal From Interlocutory Class Certification Orders, And Hence Is Interlocutory ................................................................................................................ 3

        A.     AMH Concedes That It Is Appealing From The Denial Of A Class Certification Order. ........................................................................................ 3

        B.     The 2016 Order Does Not Fall Within The *Cohen* Exception ............................... 6

II.    This Appeal Is Barred By The Confirmed, Affirmed, and Substantially Consummated Plan Of Reorganization ........................................................................... 7

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amgen v. Conn. Ret. Plans & Trust*,
   133 S. Ct. 1184 (2013) .................................................................................................4

*Blanco v. United States*,
   775 F.2d 53 (2d Cir. 1985) ...........................................................................................1

*In re Brown*,
   803 F.2d 120 (3d Cir. 1986) .........................................................................................6

*Cohen v. Beneficial Indus. Loan Corp.*,
   337 U.S. 541 (1949) ..................................................................................................6, 7

*Commc'n Workers of Am. v. AT&T*,
   932 F.2d 199 (3d Cir. 1991) .........................................................................................1

*Coopers & Lybrand v. Livesay*,
   437 U.S. 463 (1978) .............................................................................................passim

*Deposit Guar. Nat'l Bank v. Roper*,
   445 U.S. 326 (1980) ..................................................................................................6, 7

*In re G-I Holdings, Inc.*,
   755 F.3d 195 (3d Cir. 2014) .........................................................................................9

*Harrison v. Nissan Motor Corp.*,
   111 F.3d 343 (3d Cir. 1997) .........................................................................................1

*In re IT Grp., Inc.*,
   377 B.R. 471 (Bankr. D. Del. 2007) .............................................................................9

*United Airlines, Inc. v. McDonald*,
   432 U.S. 385 (1977) .....................................................................................................7

*United States v. Credico*,
   646 F. App'x 248 (3d Cir. 2016) ..................................................................................1

*In re W. R. Grace*,
   2008 WL 4234339 (D. Del. Sept. 4, 2008) ...............................................................2, 9

**Statutes**

28 U.S.C. § 1292(b) ..........................................................................................................5, 7

**Rules**

Fed. R. Civ. P. 23(c)(1)(C) ...................................................................................................4, 5

Notes of Rule 23 Advisory Comm., subdiv. (c)(1) (1966) ..........................................................5

**Other Authorities**

BLACK'S LAW DICTIONARY (10th ed. 2014) ..........................................................................8, 9

## INTRODUCTION

Notwithstanding the best efforts of appellant Anderson Memorial Hospital ("AMH") to complicate matters, the jurisdictional issue presented here is actually very simple. AMH moved in 2014 to "alter or amend" a 2008 order denying class certification. The bankruptcy court denied that motion. AMH now seeks to appeal as of right not only (1) the bankruptcy court's 2016 order denying that motion, but also (2) the bankruptcy court's 2008 order denying class certification in the first place. *See* 9/8/16 Notice of Appeal, Tab A to Grace's 11/9/16 Motion to Dismiss (cited as "Mot."). Neither of those orders is appealable as of right. An order denying class certification is interlocutory and not appealable as of right. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 464-65, 470 (1978). And, as a matter of law and logic, an order refusing to reconsider an interlocutory order is equally interlocutory. *See, e.g., United States v. Credico*, 646 F. App'x 248, 249 (3d Cir. 2016); *Harrison v. Nissan Motor Corp.*, 111 F.3d 343, 352 (3d Cir. 1997); *Commc'n Workers of Am. v. AT&T*, 932 F.2d 199, 204, 213 (3d Cir. 1991); *see also Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985) (Friendly, J.).

AMH tries to avoid these fatal flaws in its appeal by making two erroneous and internally inconsistent arguments. ***First***, AMH argues that this is not an appeal from an order denying a motion to alter or amend the class certification order, but instead an appeal from an order "interpreting the plan" and is appealable as such. 1/4/17 AMH's Opposition to Motion to Dismiss Appeal (cited as "Opp.") at 8-10. That argument is demonstrably incorrect. Even a cursory glance at the Notice of Appeal shows that AMH is appealing two orders: (1) the May 29, 2008 order denying class certification, and (2) the August 25, 2016 order denying AMH's motion to alter or amend the May 29, 2008 order denying class certification. The fact that the 2016 order also addressed Grace's Plan of Reorganization (the "Plan") does not change the fact that it was an order denying a motion to alter or amend a class certification ruling. ***Second***,

AMH argues—without citing any authority—that an order denying a motion to alter or amend a class certification order is final and appealable as of right. Opp. at 8-10. That argument is nonsensical: a litigant cannot transform an interlocutory order into a final order appealable as of right by simply filing a motion to "alter or amend" that order. As the bankruptcy court recognized, AMH's motion to alter or amend was effectively a motion to reconsider the order denying class certification. An order granting or denying class certification is inherently interlocutory. And an order granting or denying a motion to reconsider class certification is just as interlocutory as an order granting or denying class certification in the first place.[1]

Furthermore, as Grace explained in its Motion to Dismiss, this Court lacks jurisdiction over this appeal for an additional, independent reason: the confirmed, affirmed, and substantially consummated Plan specifies that the class claims AMH seeks to pursue here "shall remain inactive" unless and until AMH first litigates its individual claim. Mot. at 11. Thus, the Plan—just like the Supreme Court's decision in *Coopers & Lybrand*—requires AMH to litigate its individual claim to final judgment before it can appeal the denial of class certification. AMH has not done so, despite having had every opportunity since early 2014 to initiate—and indeed to complete—the litigation of its individual claim. This appeal must accordingly be dismissed.

---

[1] AMH well knows that an order denying class certification is interlocutory because, back in 2008, it unsuccessfully sought leave to appeal the May 29, 2008 order denying class certification. *In re W. R. Grace*, 2008 WL 4234339, *2 n.3 (D. Del. Sept. 4, 2008) (denying leave to appeal after finding that "the appeal sought here of an order denying class certification is indeed interlocutory"). The Third Circuit dismissed AMH's appeal of the district court's order, stating: "Because the Bankruptcy Court's order was interlocutory, the District Court's decision whether to exercise jurisdiction to review the order denying class certification was discretionary. This Court cannot review that discretionary decision." Tab C to Mot. at 2, *In re W. R. Grace & Co.*, No. 08-4829, 3d Cir., Dec. 14, 2009 (citations omitted).

## ARGUMENT

### I. This Is An Appeal From Interlocutory Class Certification Orders, And Hence Is Interlocutory.

#### A. AMH Concedes That It Is Appealing From The Denial Of A Class Certification Order.

The very first sentence of AMH's opposition brief dooms the rest of that brief:

> Anderson Memorial Hospital ("AMH") hereby responds to Grace's Motion to Dismiss ("Motion") AMH's appeal of the order of the Bankruptcy Court (Judge Kevin J. Carey) ("Order") denying AMH's Motion to Alter or Amend ("Motion to Alter or Amend") the prior order of the Bankruptcy Court (Judge Judith K. Fitzgerald) ("Certification Order"), denying, "with prejudice" AMH's request for class certification.

Opp. at 1. In that sentence, AMH concedes—as it must—that this is an appeal from the August 25, 2016 order denying AMH's motion to reconsider the May 29, 2008 order denying AMH's motion for class certification.

That first sentence gives the lie to AMH's argument that "this is an appeal from an order interpreting the plan, not an appeal from an order denying a motion for class certification." Opp. at 8 (capitalization and emphasis modified). AMH bases that argument on *reasoning* in the August 25, 2016 order addressing the impact of the Plan on the class certification procedures. *See id.* at 9 ("This is an appeal from an Order finally holding that the Plan prohibits, as a matter of law, the use of Rule 23 in the adjudication of thousands of PD claims."). But that is just a semantic game. Regardless of the nature of the bankruptcy court's reasoning, the fact remains that the August 25, 2016 order is an order denying a motion to reconsider an interlocutory class certification ruling, and thus remains interlocutory. Just because the bankruptcy court addressed the Plan does not transform its order into a final judgment appealable as of right.[2]

---

[2] This is especially true where, as here, the Plan terms addressed by the bankruptcy court were *introduced by AMH* in its motion to alter or amend as the basis for modifying the class certification order.

3

An order denying reconsideration of a class certification order is just as interlocutory as the underlying class certification order itself. Because a court may reconsider the grant or denial of class certification before final judgment, "a refusal to certify a class is inherently interlocutory." *Coopers & Lybrand*, 437 U.S. at 470; *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). Because a class certification order may be modified before final judgment, it is not final and appealable as of right. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. An order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation because the plaintiff is free to proceed on his individual claim." *Coopers & Lybrand*, 437 U.S. at 467-68 (internal quot. and citation omitted).

Indeed, AMH itself stresses that class certification orders are "'inherently tentative'" and subject to revision. Opp. at 10 (quoting *Coopers & Lybrand*, 437 U.S. at 469 n.11); *see also id.* ("'Certifications are not frozen once made.'") (quoting *Amgen v. Conn. Ret. Plans & Trust*, 133 S. Ct. 1184, 1202 n.9 (2013)). AMH concedes that it "filed its Motion to Alter or Amend" citing "Rule 23(c)(1)(C) . . . as its jurisdictional authority." Opp. at 8. And it acknowledges that its individual claim remains unresolved. *Id.* at 1. That is exactly why the 2016 denial of AMH's motion to alter or amend the 2008 class certification order is interlocutory and not appealable as of right.

AMH's insistence that the bankruptcy court mischaracterized its motion, Opp. at 9, is thus both irrelevant and incorrect. It is irrelevant because, regardless of whether the order is characterized as denying relief under Rule 23 or as denying reconsideration, the fact remains that the order did not end the litigation on the merits. It is incorrect because AMH itself stated that it

4

sought relief not only "[p]ursuant to Fed. R. Civ. P. 23(c)(1)(C)," but also on the "[a]ddition[al]" ground that "the Certification Order is an interlocutory order subject to reconsideration." Tab H to Mot., 3/5/14 AMH Motion to Alter or Amend at 1. The bankruptcy court analyzed AMH's motion accordingly. With respect to arguments already rejected by Judge Fitzgerald—what AMH called the "central legal conclusion," "central factual finding," and "central procedural confusion" of Judge Fitzgerald's order, *id.* at 16-19—Judge Carey thoroughly considered whether AMH had satisfied the standards for reconsideration and found that it had not. *See* 8/25/16 Op. at 7-12 (att. to Tab A to Mot.). Judge Carey likewise considered and rejected AMH's contention that factual developments since 2008 had rendered the original decision unsound. *Id.* at 8-11; *see also* Notes of Rule 23 Advisory Comm., subdiv. (c)(1) (1966) (goal of Rule 23(c)(1)(C) is to allow the court to make "[a] determination [whether the previous class certification should] be altered or amended [in view of] development of the facts [rendering] the original determination . . . unsound"). AMH's criticisms of the order are meritless.

Equally meritless is AMH's apparent belief that the interpretation of a bankruptcy plan "as a matter of law" justifies immediate appeal. Opp. at 9, 15. Not all decisions on questions of law are immediately appealable. Even orders containing "controlling question[s] of law as to which there is substantial ground for difference of opinion" are subject to certification for interlocutory appeal under a discretionary standard. 28 U.S.C. § 1292(b). AMH has neither moved for § 1292(b) certification nor identified any question of law appropriate for such certification. To hold that the mere interpretation of a confirmed bankruptcy plan—something bankruptcy courts routinely do—in *any* context justifies immediate appeal would stretch the

pragmatic approach to finality in bankruptcy beyond the bounds of law and logic. *See, e.g., In re Brown*, 803 F.2d 120, 122 (3d Cir. 1986).[3]

### B. The 2016 Order Does Not Fall Within The *Cohen* Exception.

Perhaps recognizing that the 2016 order does not qualify as a final judgment, AMH argues that its appeal fits within the "collateral order" exception to the final-judgment rule outlined in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Opp. at 14-17. But *Coopers & Lybrand* squarely forecloses that argument. *See* 437 U.S. at 468-69. The Supreme Court expressly considered, and rejected, the argument that class certification orders fall within the *Cohen* exception. "To come within [that] 'small class' of decisions" immediately appealable under *Cohen*, the Court explained, an "order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Id.* at 468. "An order passing on a request for class certification does not fall in that category." *Id.* at 469.

AMH asserts—without support—that "*Coopers* does not establish an ironclad rule that all motions for class certification are interlocutory." Opp. at 15. But *Coopers & Lybrand* did not hold that some class certification orders are appealable as of right. Rather, it categorically held that they are ***not***, as "the collateral-order doctrine is not applicable to the ***kind of order*** involved in this case." 437 U.S. at 469 (emphasis added); *see also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980) ("We view the denial of class certification as an example of a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of final

---

[3] AMH's argument that the bankruptcy court interpreted the Plan in a way that precludes AMH from ever "meet[ing] any of the Rule 23 prerequisites for the certification of a class," Opp. at 1 (emphasis omitted), is an argument on the ***merits*** of class certification. But AMH will have the opportunity to argue the merits of a class later, when the class certification appeal is heard—albeit AMH's opposition has already provided a preview of its merits arguments. *See id.* at 3 n.3. Consideration of the merits at this stage is premature.

6

judgment."). The *only* basis that the U.S. Supreme Court has recognized for immediate appeal of an order denying class certification is a "motion[] under 28 U.S.C. § 1292(b) seeking discretionary interlocutory appeal for review of the certification ruling," *Deposit Guaranty*, 445 U.S. at 336 n.8, and AMH has made no such motion.

Moreover, application of the *Cohen* factors only confirms that the orders here are not immediately appealable under that doctrine. To begin, the bankruptcy court expressly contemplated that the class certification orders might be subject to revision. *See Coopers & Lybrand*, 437 U.S. at 469 (order subject to revision in the district court does not satisfy *Cohen*). The court suggested that it would be willing to reconsider the denial of class certification *after* adjudication of AMH's individual claim, *see* Opp. at 13 n.6, and denied AMH's motion *without prejudice*. 8/25/16 Order at 1 & 8/25/16 Op. at 1 (Tab A to Mot.). Moreover, class certification orders are "subject to effective review after final judgment at the behest of the named plaintiff or intervening class members." *Coopers & Lybrand*, 437 U.S. at 469. Review of the denial of class certification after adjudication of an individual's claim is both common and permissible. *See, e.g., United Airlines, Inc. v. McDonald*, 432 U.S. 385, 390 (1977).

II. **This Appeal Is Barred By The Confirmed, Affirmed, and Substantially Consummated Plan Of Reorganization.**

Equally fatal to AMH's appeal is the confirmed, affirmed, and substantially consummated Plan. AMH does not, and cannot, deny that the Plan states that "[t]he Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008)." Tab D to Mot. at § I.B.2. Nor can AMH deny that it never challenged this provision in its multiple appeals from the Plan confirmation order and that the Plan has been in effect since

7

February 2014. Instead, AMH makes two equally implausible efforts to escape the plain language of the Plan. Both fail.

AMH first argues that this court should give no effect to the word "inactive." AMH asserts that, because the Plan supposedly does not define "inactive claims," AMH cannot be required to litigate its individual claim to completion before appealing the denial of class certification. Opp. at 17. But that fails on two grounds: (1) the Plan *does* define inactive claims by specifically referencing AMH's class claims—identified by their exact claim numbers—as inactive, and (2) in any event, the Plan does not need to define the word "inactive," because the ordinary meaning of that word is clear. An "inactive case" is one that is "pending . . . [but] not proceeding toward resolution." BLACK'S LAW DICTIONARY at 258 (10th ed. 2014). Here, AMH's class claims are "pending . . . but not proceeding toward resolution" because class certification has been denied and no appeal from that denial has yet been entertained. Under the plain terms of the Plan, the class claims cannot become "active" again unless and until AMH litigates its individual claim.[4]

The ordinary meaning of the word "inactive" also answers AMH's second argument, which is that the bankruptcy court's Property Damage Case Management Order by its own terms does not apply to AMH's claims. Opp. at 17-18. According to AMH, the Plan's requirement that the class claims remain "inactive" until AMH litigates its individual claim to final judgment applies *only* if an appeal from the denial of class certification was "pending" as of the Plan's effective date, and AMH's appeal from the 2008 order had been dismissed by that date. *See id.*

---

[4] AMH contends that a 4/13/09 bankruptcy court order rejected Grace's request that the Plan treat AMH's class claims as "inactive" and instead valued those claims at zero. Opp. at 1-2, 6. But that order made no ruling on the merits; it merely "reduced [the claim values] to zero *without prejudice* to reinstatement of litigation as to a different amount if this court's decision denying class certification is reversed on appeal." Tab H to Opp. at 3 (emphasis added).

8

But that argument gives "pending" far too narrow a meaning. Pending is broadly defined as "[r]emaining undecided; awaiting decision." BLACK'S LAW DICTIONARY at 1314 (10th ed. 2014). Thus, an "inactive case" by definition remains "pending." *See id.* at 258. Notwithstanding the Third Circuit's dismissal of AMH's original appeal as interlocutory, AMH's appeal has remained "pending" while the class claims are inactive, and will continue to be "pending" until AMH litigates its individual claim to completion as specified by the Plan—whereupon AMH may re-activate its class appeal. Tab D to Mot. at § I.B.2.[5]

AMH's alternative interpretation of the Plan's sequencing provision would violate key principles for interpreting legal documents. It would violate the rule that "specific provisions control general provisions," *In re IT Grp., Inc.*, 377 B.R. 471, 476 (Bankr. D. Del. 2007) (internal quotation and citation omitted), and it would render the entire sequencing provision a nullity, in violation of the rule that legal documents should be read to "give each provision and term effect." *In re G-I Holdings, Inc.*, 755 F.3d 195, 203-04 (3d Cir. 2014) (internal quotation and citation omitted). The Plan identifies "[t]he Anderson Memorial class claims (Nos. 09911 and 09914)" and "the Anderson Memorial individual claim (No. 011008)" and provides specific

---

[5] AMH incorrectly suggests that Grace misled the Third Circuit in 2009 about the impact of the Plan on its appeal rights. According to AMH, "[i]f Grace had told the Third Circuit in 2009 what it now tells this Court—that the Plan and the PDCMO precludes amendment of Certification Order, or AMH from representing other PD claimants—the Order could then have been reviewed on appeal." Opp. at 2. In fact, the issue in the 2009 appeal was whether the Third Circuit had jurisdiction to review this court's denial of AMH's motion for discretionary appeal of the 2008 order denying class certification. *In re W. R. Grace*, 2008 WL 4234339, *2 n.3 (D. Del. Sept. 4, 2008). After the Third Circuit itself flagged that jurisdictional issue, and Grace moved to dismiss the appeal for lack of jurisdiction, the Third Circuit dismissed. Tab C to Mot., *In re W. R. Grace & Co.*, No. 08-4829, 3d Cir., Dec. 14, 2009. On December 19, 2008, Grace filed a proposed Property Damage Case Management Order, as an exhibit to the Plan, which provided that AMH's class claims shall remain inactive unless and until there is a final, appealable order with respect to AMH's individual claim. Grace was clear about that sequencing provision in 2008 and has remained clear about it through confirmation and appeals—with no objection from AMH until well after the Plan was confirmed and consummated.

sequencing instructions for them. Tab D to Mot. at § I.B.2. AMH's only alternative reading of those instructions would render them a nullity, contrary to the Plan's clear and specific language.

AMH's assertion that the effect of the sequencing provisions "was never in the mind of anyone, and clearly not articulated at the time," Opp. at 18, is not credible. The Plan could not have articulated the sequencing requirement any more explicitly. Moreover, that sequence merely followed the usual practice of requiring a putative class action plaintiff to litigate his or her individual claim to completion before appealing the denial of class certification. The bankruptcy court correctly concluded that "[a]s part of the Plan that was confirmed, affirmed, and became effective," the sequencing requirement for appealing class certification is binding on AMH. 8/25/16 Op. at 7 (att. to Tab A to Mot.). AMH could have challenged that requirement during its Plan confirmation appeals, but it did not. It is too late for AMH to object now.

## CONCLUSION

For the foregoing reasons and those discussed in Grace's Motion to Dismiss, this Court should dismiss this appeal.

Respectfully submitted,

/s/ *James E. O'Neill*

John Donley, P.C.
Lisa G. Esayian
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Christopher Landau, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

*Counsel for Appellees*