IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re W.R. GRACE & CO., et al., | : | Chapter 11 |
| | : | Bankr. Case No. 01-1139-KG |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ANDERSON MEMORIAL HOSPITAL, | : | |
| | : | BAP. No. 16-44 |
| Appellant, | : | |
| v. | : | Civ. No. 16-799-LPS |
| | : | |
| In re W.R. GRACE & CO., et al., | : | |
| | : | |
| Appellees. | : | |

## **MEMORANDUM ORDER**

Having reviewed the papers submitted in connection with Appellees W.R. Grace & Co. et al.'s ("Appellees" or "Grace") Motion to Dismiss (*see* D.I. 17, 19, 20) Appellant Anderson Memorial Hospital's ("Appellant" or "AMH") appeal of the Bankruptcy Court's: (a) May 29, 2008 order ("2008 Order") denying Appellant's motion for class certification; and (b) August 25, 2016 order ("2016 Order") denying Appellant's motion to alter or amend the 2008 Order denying class certification (*see* D.I. 1, 4, 6);

IT IS HEREBY ORDERED that, for the reasons that follow, Appellees' Motion to Dismiss (D.I. 17) is **GRANTED.**

AMH is a South Carolina hospital. Grace manufactures chemicals and construction materials.

In 1992, AMH filed a nationwide class action lawsuit against Grace in South Carolina state court. The lawsuit alleged that Appellant and other putative class members had suffered asbestos-related property damage arising from Appellees' asbestos-containing building materials.

In 2001, while the state court litigation was ongoing, Grace filed for Chapter 11 protection in the U.S. Bankruptcy Court for the District of Delaware. In the course of the bankruptcy, AMH filed three proofs of claim against Grace: (1) a worldwide putative class claim, (2) a statewide putative class claim, and (3) an individual claim.

AMH eventually moved for class certification. In the 2008 Order, the Bankruptcy Court denied the motion. AMH's request for leave to appeal the 2008 Order was denied by this Court and its effort to appeal this Court's decision was dismissed by the Court of Appeals for lack of jurisdiction.

Grace later filed a proposed Plan of Reorganization ("Plan"), which included procedures for the treatment of property damage claims, including AMH's claims. Appellant challenged the Plan on several grounds but not on the grounds it seeks to press on appeal now (i.e., that the Plan places AMH's class action claims on "inactive" status until after AMH proceeds with its individual claim against Grace). The Bankruptcy Court, this Court and the Third Circuit rejected all of those challenges. *See In re W. R. Grace & Co.*, 446 B.R. 96, 107-08 (Bankr. D. Del. 2011); *In re W. R. Grace & Co.*, 475 B.R. 34, 139-41 (D. Del. 2012); *In re W. R. Grace & Co.*, 729 F.3d 322, 344, 346, 350 (3d Cir. 2013). Appellees exited bankruptcy on February 3, 2014, when the Plan became effective. (D.I. 17 at 6)

Rather than pursue its individual property damage claim according to the procedures outlined in the Plan, AMH filed a motion to alter or amend the 2008 Order denying class certification. The Bankruptcy Court issued the 2016 Order denying the motion. (*Id.* Tab I, Bankr. D. Del. No. 01-01139, D.I. 32771) AMH then noticed its appeal to this Court, which Grace has moved to dismiss.

The Court agrees with Grace that it must dismiss this appeal because it is an interlocutory appeal and AMH has neither sought – nor could meet its burden to obtain – permissive review of

2

the Bankruptcy Court's interlocutory order. Orders granting or denying class certification are "inherently interlocutory," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 470, (1978), and not immediately reviewable under 28 U.S.C. § 1291, which provides for appeals from 'final decisions,'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017). The 2008 Order is plainly interlocutory, as this Court already held in denying Appellant's earlier attempt to appeal it (at a time when even Appellant recognized that a class certification order is interlocutory).[1] The 2016 Order, labeled by AMH as a "motion to alter or amend," cannot have transformed an inherently interlocutory order into a final order – otherwise, any interlocutory order could be so (easily) transformed, entirely undermining the final order rule. *See, e.g., Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985) ("If the 1979 order was not final and appealable, orders refusing to reconsider it likewise could not have been."); *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1087 (3d Cir. 1976) (dismissing appeal from denial of motion for reconsideration of class action certification).

AMH has not met its burden to show that interlocutory appeal is warranted, for reasons including the absence of a controlling question of law and of any exceptional circumstances. *See In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011). Appellant's invocation of the "collateral order" doctrine articulated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) (*see* D.I. 19 at 14-17), is also unavailing. The Supreme Court has expressly held that "[a]n order passing on a request for class certification does not fall" within the *Cohen* doctrine.

---

[1] As the Bankruptcy Court noted, AMH's "motion to alter or amend class certification under Fed. R. Civ. P. 23(c)(1)(C) is inherently a motion to reconsider the May 2008 Decision." (D.I. 17 Tab I at 7) Consistent with this reality, Appellant's statement of issues on appeal refers to the 2008 and 2016 Orders as a "Motion for Class Certification" and a "Motion for Reconsideration," respectively. (D.I. 4 at 1, ¶¶ 1, 2)

*Coopers*, 437 U.S. at 469 (stating "collateral-order doctrine is not applicable to the kind of order involved in this case").

The Court further agrees with Grace that a separate, independent ground for dismissing this appeal is that it is barred by the confirmed Plan. The Plan requires AMH to litigate its individual claim to final judgment before it can appeal the denial of class certification. AMH has not yet litigated its individual claim. Therefore, its appeal of the denial of class certification is premature – and an improper collateral attack on the Plan – and must, for this reason as well, be denied. *See In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989) ("[A] confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation.").

Accordingly, AMH's appeal is **DISMISSED**. The Clerk of Court is directed to **CLOSE** this case.

March 30, 2018
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE